UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

| | |
|---|---|
| **AMY GAMBREL** *formerly known as* Amy Freels<br><br>  Plaintiff,<br><br>V.<br><br>**AMERICAN NATIONAL INSURANCE SERVICE COMPANY,**<br><br>  Defendant. | CIVIL ACTION NO. 6:16-302-KKC<br><br><br>**OPINION AND ORDER** |

  This matter is before the Court on the plaintiff's motion to remand (DE 6) this action to Whitley Circuit Court. The Court hereby ORDERS that the motion is GRANTED.

  The plaintiff Amy Gambrel filed this complaint in state court alleging that the defendant American National Insurance Service Company, her insurer, wrongfully denied her claim for property damage. She asserts claims for breach of contract and statutory bad faith under Kentucky's Unfair Claims Settlement Practices Act, KRS § 304.12-230. Among the damages she seeks are compensatory and punitive damages. In her complaint, however, Gambrel did not specify the amount of damages.

  American National removed the action to this Court asserting that federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(1). That statute grants federal courts jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. There is no dispute that Gambrel and American National are from different states. In Gambrel's motion to remand, however, she asserts that the amount in controversy does not exceed $75,000. She states that she seeks contract damages of $15,000 and punitive damages of $50,000 maximum and that, therefore, this case does not meet the federal amount in controversy requirement.

Since American National removed this case from state court, it bears the burden of proving that the requirements for diversity jurisdiction—including the amount in controversy—are satisfied. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir.2010). Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendant must prove that it is more likely than not that the plaintiff's claim exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010). This means that the defendant does not have the "daunting burden of proving, to a legal certainty that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* at 159. Nor is the defendant required to research and prove on its own the plaintiff's claim for damages. *Id.* Nevertheless, the defendant must show more than that the plaintiff's claim "may" exceed $75,000.

Again, Gambrel asserts in her motion to remand that American National owes her $15,000 under the policy. In its response brief, American National does not dispute that the amount at issue on the contract claim is $15,000. Gambrel also seeks attorney's fees and prejudgment interest. American National does not address the value of these damages in its response brief. Instead, American National focuses on the value of Gambrel's punitive damages claim. In order to establish federal jurisdiction based only on compensatory and punitive damages, American National must prove that it is more likely than not that Gambrel's punitive-damages claim is worth at least $60,000.01, or more than four times the compensatory damages that she seeks.

As evidence that the plaintiff's punitive damages award would likely reach that amount, American National cites the verdicts in three Kentucky cases in which the plaintiff asserted a bad-faith claim against an insurer arising from the insurer's denial of a property damage

2

claim. (DE 7, Response at 7.) While some courts have found that a defendant may satisfy its burden of establishing the amount in controversy "by proffering jury verdicts or punitive to compensatory ratios in analogous cases, . . . the cases should be factually analogous." *Martin v. Fifth Third Bank, Inc.*, No. 1:11-CV-00182-JHM, 2012 WL 1906506, at *3 (W.D. Ky. May 25, 2012). "If they are not, they are of little value in sustaining the defendant's burden." *Id.*

In the first case cited by American National, the plaintiff was awarded $71,013.47 in compensatory damages and $2 million in punitive damages (approximately a 28:1 ratio of punitive-to-compensatory damages). In the second, the plaintiff was awarded $925,000 for emotional distress and $2.5 million in punitive damages (approximately 2.7:1 ratio). In the third, American National asserts that the plaintiff was awarded $151,003.05 in compensatory damages and $100,000 in punitive damages (approximately 2:3 ratio). American National also cites a fourth case in which the plaintiff was awarded $200,000 in compensatory damages and $2 million in punitive damages (10:1 ratio). That case, however, involved an insurance claim by the estate of a man who was killed in a car crash. (DE 1-6, p. 3.)

Thus, American National cites only one case in which the punitive-to-compensatory damages ratio was as high as four-to-one where a plaintiff alleged bad faith by an insurer who denied a property damage claim. While that case certainly helps to prove that a punitive damages award of more than $60,000 in this case is *possible*, it does not prove that it is *likely*. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Martin*, 2012 WL 1906506, at *3 (citing *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d 1063, 1069 (D.Ariz.2004)).

American National also points to a report by Kentucky Trial Court Review (DE 1-4) showing that the plaintiff's average award in bad faith cases between 1998 and 2013 in Kentucky was $2,053,848 or $977,000 if one particularly high verdict is omitted from the

3

calculation. American National does not, however, demonstrate that these cases are factually similar to Gambrel's. Thus, the Court cannot use these averages as a basis for predicting the amount of punitive damages Gambrel will likely recover in this case. Further, American National does not explain what portion of the average award consists of compensatory damages. Thus, the average award does not provide any basis for this Court to conclude that that Gambrel will likely receive punitive damages four times the amount of her compensatory damages.

Because American National has not established that it is more likely than not that the amount in controversy in this case exceeds $75,000, the Court hereby ORDERs that the motion to remand (DE 6) is GRANTED and this matter is REMANDED to Whitley Circuit Court.

To the extent that Gambrel seeks the payment of any attorney's fees or costs incurred as a result of the removal under 28 U.S.C. § 1447(c), that request is DENIED. A district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While American National has failed to establish by a preponderance of the evidence that more than $75,000 is in dispute in this case, removal of this action was not unreasonable.

Dated July 3, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4